**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SHAWN ANTHONY KIRBY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 09-CV-788-CVE-PJC |
| ) | |
| **KENTUCKY FRIED CHICKEN CORP.;** ) | |
| **LOIS SMITH, Regional Manager;** ) | |
| **THE SADDLEBROOK APTS.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

On December 14, 2009, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 complaint (Dkt. # 1). He also provided three (3) summonses, prepared on forms for use in Tulsa County District Court, and three (3) copies of the complaint. For the reasons discussed below, the Court finds that Plaintiff shall either pay the $350 filing fee required to commence a civil action in this Court or file a properly supported motion to proceed *in forma pauperis*. Plaintiff is also advised that his complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**A. Filing fee**

In order to commence a civil action in this Court, Plaintiff is required to submit a $350 filing fee. 28 U.S.C. § 1914. Plaintiff failed to pay the filing fee when he filed his complaint. Therefore, Plaintiff must either pay in full the $350 filing fee or, should he lack sufficient funds to prepay the filing fee, file a motion to proceed *in forma pauperis*. Should Plaintiff file a motion to proceed *in forma pauperis*, he shall provide the accounting information required by statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust

fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b). **Plaintiff is advised that even if he has insufficient funds to prepay the full $350 filing fee required to commence this action, he will nonetheless be responsible for full payment of the filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b)**. The Court finds that Plaintiff should be allowed thirty (30) days to either pay the full $350 filing fee or submit a motion to proceed *in forma pauperis*, including the required accounting information, or show cause in writing for his failure to do so.

**B. Complaint is subject to dismissal**

### 1. Dismissal standards

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).          **2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In his complaint, Plaintiff alleges that his former employer, Kentucky Fried Chicken, issued payroll check number 19411, payable to Shawn A. Kirby, in the amount of $333.50. He further alleges that on November 25, 2008, after he had been arrested and booked into the Tulsa County Jail, the manager of Saddlebrook Apartments stole the paycheck and deposited the funds into the company's bank account.  He names three (3) defendants: Kentucky Fried Chicken Corporation ("KFC"), Lois Smith, the regional manager for KFC, and The Saddlebrook Apartments. As bases for this Court's jurisdiction, Plaintiff identifies 42 U.S.C. § 1983 and Okla. Stat. tit. 40, § 165.9.  In his request for relief, Plaintiff asks that he be compensated for his pain and suffering, and that he be

awarded punitive damages and compensation in the amount of three thousand three hundred and fifty dollars. See Dkt. # 1.

Plaintiff's complaint fails to state a claim upon which relief may be granted. The relevant civil rights statute provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). None of the three defendants identified by Plaintiff is a state actor. As a result, none of the three is subject to liability under 42 U.S.C. § 1983 and Plaintiff's civil rights action is subject to dismissal. Unless Plaintiff files an amended complaint within thirty (30) days of the entry of this Order curing the deficiencies identified herein, this action will be dismissed for failure to state a claim. Furthermore, in the absence of federal subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966) ( "[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Within thirty (30) days of the entry of this Order, or by **January 20, 2010**, Plaintiff shall either pay in full the $350.00 filing fee or file a motion to proceed *in forma pauperis* supported by the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint obtained from the appropriate official of each prison at which he is or was confined, or show cause in writing for his failure to do so.

2. The Clerk of Court is directed to send Plaintiff a blank motion for leave to proceed *in forma pauperis* (form AO-240), identified as Case No. 09-CV-788-CVE-PJC.

3. The 42 U.S.C. § 1983 complaint does not involve state action and is subject to dismissal for failure to state a claim upon which relief may be granted.

4. Unless Plaintiff files an amended complaint by the above-referenced deadline curing the deficiencies identified herein, this action will be dismissed for failure to state a claim.

**Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.**

**DATED** this 21st day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT